IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CLAYTON DOUGLAS KIRN, | Cause No. CV 19-45-BLG-SPW-TJC |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| COMMANDER BODINE; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On April 20, 2019, Petitioner Clayton Douglas Kirn, a state prisoner proceeding pro se, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  (Doc. 1 at 8.)[1]

## I.      Motion to Proceed In Forma Pauperis

Mr. Kirn seeks leave of the Court to proceed in forma pauperis.  See, (Doc. 2.)  After reviewing the motion and supporting account statement, Kirn has

---

[1] Under the "prison mailbox rule," a prisoner's federal habeas petition is deemed filed when it is delivered to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988).

sufficiently shown he cannot afford to pay all costs that may be associated with this action.  The motion to proceed in forma pauperis will be granted.

## II.     28 U.S.C. § 2254 Petition

As explained more fully below, because Kirn's current claims are unexhausted, his petition should be dismissed without prejudice.

### i.      Kirn's Claims

According to Kirn, he was arrested on April 18, 2018, and charged in Montana's Thirteenth Judicial District, Yellowstone County; Kirn has been detained at the Yellowstone County Detention Facility since his arrest.  (Doc. 1-1 at 1.)  Kirn asserts his right to speedy trial under state law has been violated.  *Id*. at 1-3.  Kirn states he has been provided ineffective counsel, and that any delay that has occurred is not attributable to him, but rather to defense counsel or is delay that is institutional in nature.  *Id*. at 2-4.  Kirn has apparently attempted to file motions to dismiss based upon the purported speedy trial violation, but his pro se filings have been rejected.  *Id*. at 2, 8.  Following a hearing on February 26, 2019, the district court ordered that Kirn would be appointed new counsel and that a new trial date would be set.  *Id*. at 7.  As far as the Court is able to discern, Kirn's underlying criminal case remains pending in Yellowstone County.  See, Yellowstone County Docket for Cause No. DC-18-546 (Doc. 1-1 at 5-6.)

Kirn filed a petition for writ of habeas corpus with the Montana Supreme

Court.  See, (Doc. 1 at 4, ¶12.)  The Court held Kirn failed to demonstrate his ongoing incarceration was illegal, and that Kirn was not entitled to release on the grounds stated in his petition.  See, *Kirn v. Bodine*, Or. at 1-2, OP 19-0106 (Mont. Feb. 26, 2019).[2]  Kirn was further advised that because he was represented by counsel, his pro se filings could be properly rejected by the Court.  *Id*. at 2.

Kirn asks this Court to dismiss all the criminal charges pending against him with prejudice for violations of the four-part test outlined by the Montana Supreme Court in *State v. Ariegwe*, 2007 MT 204, 338 Mont. 442, 167 P. 3d 815.  (Doc. 1-1 at 1-3; 4.)

ii.    **Analysis**

As a preliminary matter, Kirn is advised that federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts.  *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions").  It would be entirely inappropriate at this juncture for the Court to intervene in the state criminal proceedings.  Moreover, under the *Younger* Abstention Doctrine, this Court may

---

[2] All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed May 14, 2019).

3

not intervene in petitioner's pending state criminal case.  See, *Younger v. Harris*, 401 U.S. 37 (1971).

In addition, Kirn's petition should be dismissed because any claim he seeks to advance relative to his current custody has not yet been exhausted in the state court system.  Dismissal should be without prejudice.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. §2254(b)(1)(A).  The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* *See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

4

Kirn's state criminal proceedings are ongoing at the district court level. Thus, once Kirn's criminal matter is resolved, he still may seek direct and/or collateral review of any potential conviction. Because there are still remedies available to Kirn under state law, he has not yet properly exhausted his available state court remedies and this Court cannot review the claim. *See, Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice, and Kirn may return to this Court if and when he fully exhausts the claim relative to his current custody with the state courts.

### iii.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41

(2012) (quoting *Slack*, 529 U.S. at 484).

Kirn has not made a substantial showing that he was deprived of a constitutional right.  Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings.  A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

### ORDER

1.  Kirn's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**.  The Clerk of Court is directed to waive payment of the filing fee.

### RECOMMENDATION

1.  The Petition (Doc. 1) should be **DISMISSED** as unexhausted.

2.  The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3.  A certificate of appealability should be **DENIED**.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Kirn may object to this Findings and Recommendation within 14 days.[3]

---

[3]  Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Kirn is being served by mail, he is

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Kirn must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 15th day of May, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

_____

entitled an additional three (3) days after the period would otherwise expire.

7